IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KRISTIN M. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.  2:08cv738-WHA |
| vs. ) | |
| ) | (WO) |
| FRANCIS ROBERT CURRY, JR., et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This cause is before the court on a Motion to Dismiss (Doc. #7), filed on October 1, 2008, and a Motion to Strike Plaintiffs' Response to Defendants' Motion to Dismiss, or in the Alternative Defendants' Motion for More Definite Statement (Doc. #18), filed on October 30, 2008.

The Plaintiff filed a Complaint in this case requesting damages in excess of $75,000.  *See* Doc. #1, page 7 (requesting relief in the amount of $100,000 for the claim in Count One).

The Defendants have moved to dismiss the Complaint for lack of subject matter jurisdiction, stating that the requisite amount is not in controversy.   There is no contention that the parties are not completely diverse.  The Defendants point to a calculation wherein they have added together the specific amounts alleged in the Complaint, and state that the sum of those amounts is not greater than $75,000.

The court gave the Plaintiff an opportunity to respond to the Motion to Dismiss.  The Plaintiff responded with a brief and affidavit which outline why her claims in this case exceed $75,000, as also alleged in the Complaint.  The Defendants moved to strike the response, stating that it is not consistent with the Complaint.

The Defendants have made a Fed. R. Civ. Pro. 12(b)(1) "facial attack" on the complaint, which requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

The Complaint on its face asserts several claims for damages, and explicitly requests damages in amounts which exceed $75,000.  While specific amounts are alleged which do not equal $75,000,  there are also specific items of damage alleged without an allegation of a specific monetary amount, such as an allegation that the Defendants failed to pay the Plaintiffs 3% of gross profits, and allegations of credit line and bank loan obligations.  Therefore, it appears to the court that the requisite amount in controversy exists for the exercise of diversity jurisdiction.  It may be that after discovery has been conducted, evidence as to the amount in controversy will indicate that less than $75,000 is in controversy.  At this point in the proceedings, however, the court concludes that the Plaintiffs have adequately established the amount in controversy for the exercise of diversity subject matter jurisdiction. Accordingly, it is hereby

ORDERED that the Motion to Dismiss (Doc. #7) is DENIED, and the Motion to Strike Plaintiff's Response to Defendant's Motion or in the Alternative Defendants Motion for More Definite Statement (Doc. #18) is DENIED.

Done this 30th  day of October, 2008.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE