IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KRISTIN M. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:08cv738-WHA |
| | ) | |
| FRANCIS ROBERT CURRY, JR., et al., | ) | (wo) |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

### **I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment filed by Defendant Zev David Nash (Doc. #54).

The Plaintiff, Kristin M. Thomas, is a resident of the Commonwealth of Virginia. She brings claims against Francis Robert Curry, Jr.; Heather Diane Curry; Southland Investigators; and Zev David Nash, all of whom, according to the Complaint, are citizens of Alabama. The Complaint alleges claims for breach of contract (Count One), deceit/legal fraud (Count Two), conversion (Count III), civil theft (Count Four), civil conspiracy (Count Five), and unjust enrichment (Count Six). The Plaintiff seeks compensatory and punitive damages in a sum in excess of $75,000. This court has diversity jurisdiction in this case.

Defendant Zev David Nash has filed a Motion for Summary Judgment as to the claims asserted against him. The Plaintiff sought an extension of time to respond, citing issues in discovery. The motion is now before the court on the submissions of the parties.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED in part and DENIED in part.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of

the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III. FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:

In December of 2006, the Plaintiff, Kristin Thomas ("Thomas"), was approached by Defendants Robert and Heather Curry ("the Currys") and asked to provide financial assistance to establish a towing and recovery business, known as Southland Investigators, LLC ("Southland"). Thomas provided start-up funds in the form of cash, credit cards, and lines of credit with the Currys being responsible for making timely payments on the credit cards and lines of credit. Thomas also purchased a 2007 GMC truck with a Vulcan Intruder 810 tow bed and boom for use in the business. Thomas was asked by the Currys in September 2007 to lend additional money to purchase another tow truck, and again by them in November 2007 to make another loan to pay the company's insurance premium.

In November 2007, Defendant Nash purchased a truck for use of Southland and leased it to Southland. Nash later purchased an additional truck and also leased it to Southland. Nash entered into an agreement to be an investor with Southland in February 2008.

Thomas states in her Declaration that the Currys and Southland stopped making the agreed-to payment on the credit cards and loans and, when she demanded that the credit

accounts be brought current by the Currys, she was told that "Dr. Dave" would provide a cashier's check to do so. No such check came and she then withdrew the rights to use that credit. Thomas also states that payments were no longer being made on the tow trucks. Thomas further states that after unsuccessful attempts to work this out with Francis Robert Curry, she traveled to Montgomery to take possession of the 2007 truck and to refinance the 2008 truck. Thomas states that the towing bed and boom had been removed from the 2007 truck. She was eventually informed that the unit had been repaired and installed on another truck. Thomas also states that she later learned that the bed and boom had been removed and installed on one of Defendant Nash's trucks, was later removed from that truck, and was then sold and installed on another truck.

Nash states in his affidavit that he was an investor in Southland through Francis Robert Curry. He states that he was never introduced to Thomas, was not aware of investment by her, and was not a party to her investment agreement.

## IV. **DISCUSSION**

Nash moves for summary judgment arguing that he has not entered into any agreement with Thomas, and that he has never done any business with Thomas in any capacity. Nash contends, relying on his affidavit and evidence of a contract between Thomas, the Currys and Southland,[1] that he had no involvement with Thomas, was never introduced to her, and was not made aware of any investment deals by her, and cannot be held liable for any losses she may

---

[1] In her Complaint, Thomas states that she was never provided a written agreement memorializing her agreement with the Currys. Nash has provided the court a copy of an unexecuted agreement which bears the names of the Currys and Thomas, but is not signed.

4

have suffered in this case. Nash states that he did not become an investor with Southland until February 2008. Defendant's Exhibit B. He argues that there is no evidence of any agreement to support a claim for breach of agreement, deceit/legal fraud, conversion, civil theft, conspiracy, or unjust enrichment.

Thomas responds to the motion for summary judgment that Nash has lied about his involvement with Southland. She points to evidence that Nash purchased trucks for the company before February 2008. Thomas states that Nash misrepresented on his 2008 income tax return when the two trucks were purchased and contends that this allows a jury to infer that he is not telling the truth in his affidavit. Thomas further argues that a jury would reasonably infer that Nash would have been involved in discussions of his plan to participate in the business before he purchased trucks, and that he would have been aware of the agreements and obligations of the business before he invested money. Thomas agrees, however, in her brief that Nash was not a party to her initial January 2007 agreement with the Currys and Southland. *See* Doc. #63 at page 6. Her argument appears to be that even though Nash was not a party to any agreement with her, he can still be held responsible for breaches of agreement and representations made to her because he was acting with the Currys when breaches of the agreement occurred.

Even considering the evidence of Nash's involvement prior to February 2008, the first evidence of Nash's involvement is the purchase of trucks in November 2007. Thomas and the Currys entered into their initial understanding in January 2007. Thomas admits that Nash was not a party to any agreement with her. In addition, nowhere in her Declaration does Thomas state that she relied on any representation regarding Nash at that time. The only reference to Nash, "Dr. Dave," came after the agreement and initial representations and that was by the

Currys, not by Nash. Plaintiff's Exhibit F.[2] The court must draw all reasonable inferences in favor of the non-movant, but there is simply a lack of sufficient evidence from which to attribute to Nash liability for any breach of contract or fraud by the Currys which may have occurred. The court agrees, therefore, that summary judgment is due to be GRANTED as to the claims for breach of agreement and deceit/ legal fraud in Counts One and Two of the Complaint, and to the other claims in the Complaint to the extent that they relate to the terms of the financing agreements between the Currys, Southland, and Thomas.

In response to the Motion for Summary Judgment, Thomas also argues that there is no dispute that the Vulcan 810 Intruder tow bed and boom were stolen from her truck and placed on Nash's truck and that Nash profited from this theft and conversion of property. While Nash has referred in passing to the conversion, civil theft, civil conspiracy, and unjust enrichment claims in his summary judgment motion, he has not advanced any argument specific to those claims in his reply brief. In his affidavit in support of summary judgment, Nash does not mention the equipment removed from one truck and installed and removed from a truck owned by Nash. The mere fact that Nash did not have a contractual relationship with Thomas, or was not aware of Thomas's investment deals, does not necessarily foreclose Thomas's claims based on the sale of equipment which occurred after Nash became an investor.

Thomas has stated in her Declaration that a towing bed and boom were taken from a truck owned by her and installed on a truck owned by Nash in April 2008, then later removed from Nash's truck and installed on another truck. Plaintiff's Exhibit F. Nash has offered no

---

[2] Thomas states that she was told by the Currys that "Dr. Dave" would bring accounts up to date. Plaintiff's Exhibit F.

evidence to explain the circumstances of the transactions involving this truck. Because Nash's motion and affidavit have not addressed the conversion, civil theft, civil conspiracy, and unjust enrichment claims directly, and the only basis for summary judgment raised by him does not necessarily foreclose those claims with regard to the sale of equipment owned by Thomas, viewing all evidence in a light most favorable to the non-movant, summary judgment is due to be denied as to claims based on the sale of that equipment.

## V. CONCLUSION

The Plaintiff, Thomas, has failed to present sufficient evidence to create a genuine issue of material fact as to her breach of agreement and deceit/legal fraud claims. As discussed above, however, summary judgment cannot be granted as to her conversion, civil theft, civil conspiracy, and unjust enrichment claims to the extent that they are based on Nash's actions with regard to equipment owned by Thomas. Accordingly, it is hereby ORDERED as follows:

1. The Motion for Summary Judgment (Doc. #54) is GRANTED and judgment is entered against Kristin Thomas and in favor of Zev David Nash on the claims in Counts One and Two of the Complaint and to Counts Three, Four, Five, and Six of the Complaint only to the extent that they relate to financing agreements between the Plaintiff and the Currys and Southland.

2. The Motion for Summary Judgment (Doc. #54) is DENIED as to Counts Three, Four, Five, and Six insofar as they relate to the sale of equipment owned by Thomas.

The case will proceed to trial on all of the Plaintiff's claims against Defendants Francis Robert Curry, Jr., Heather Diane Curry, and Southland Investigators, the Plaintiff's

7

conversion, civil theft, civil conspiracy, and unjust enrichment claims based on sale of equipment as against Zev David Nash, and on the counterclaim of the Defendants.

Done this 7th day of January, 2010.

                                        /s/ W. Harold Albritton
                                        W. HAROLD ALBRITTON
                                        SENIOR UNITED STATES DISTRICT JUDGE