**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

KRISTIN M. THOMAS,           )
                                   )
          Plaintiff,         )
                                   )
          v.                 )     Civil Action No.  2:08cv738-WHA
                                   )
FRANCIS ROBERT CURRY, JR., et al.,   )           (wo)
                                   )
          Defendants.     )

## ORDER

This cause is before the court on a Motion in Limine filed by Zev David Nash (Doc. #77).  The court has previously ruled on aspects of this motion, but now addresses Nash's motion to exclude evidence of fraud, wrongdoing, and misrepresentations during his medical practice, and the surrender of his medical license.  Nash argues that this evidence is due to be excluded because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, pursuant to Rule 403 of the Federal Rules as Evidence.

The Plaintiff, Kristin Thomas ("Thomas"), has responded to Nash's motion by arguing that Nash should be subject to cross-examination on all of the exceptions to character evidence as set out in Federal Rules of Evidence 404, 607, and 608.  Therefore, Thomas argues that any evidence of Nash's conduct during his medical practice is admissible through cross-examination of Nash.

1.  Evidence of Untruthfulness Under Rule 608(b)

Federal Rule of Evidence 608(b) governs the admissibility of specific instances of conduct of a witness, other than conviction of a crime, which are offered for the purpose of

attacking the witness's character for truthfulness.  This evidence may not take the form of

extrinsic evidence. *See Fed. R. Evid.* 608(b).  Such evidence may, in the discretion of the court,

be inquired into on cross-examination of the witness, if it relates to truthfulness or

untruthfulness.  *Id.*  If the witness denies the conduct, the questioning party must take the

witness's answer, unless the evidence would be otherwise admissible as bearing on a material

issue of the case.  *U.S. v. Matthews,* 168 F.3d 1234, 1244 (11th Cir. 1999).

In this case, questions about Nash's fraudulent acts during his medical practice may be

probative of his character for untruthfulness.  *See Ad-Vantage Tel. Directory Consultants, Inc. v.

GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir.1994) (stating "Acts probative of

untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud").

Merely being probative of untruthfulness is not the end of the inquiry, however.

"Although Rule 608 provides a district court with discretion to admit such evidence, 'Rule 403

circumscribes the court's discretion by requiring the court to weigh the probative value of the

evidence against the danger of unfair prejudice from it.'" *U.S. v. Novaton,* 271 F.3d 968, 1005

(11th Cir. 2001) (quoting *Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*,

37 F.3d 1460 (11th Cir.1994)).

In *Ad-Vantage* and *Novaton*, the Eleventh Circuit addressed whether conduct investigated

but not sanctioned was admissible under Rules 608 and 403.  In *Ad-Vantage*, disciplinary

proceedings of the Florida Bar Association and institutes of public accountants were held

regarding an accountant's alleged forging of an instrument.  The charges were dismissed by the

bar association, and the accountant was allowed to resign from the bar association with leave to

reapply.  There was a finding of no probable cause by the accountant societies and no sanctions

were imposed.  Therefore, the Eleventh Circuit stated it was doubtful whether the testimony regarding the prior accusation of forgery, which had not resulted in sanctions, was even relevant. *Id.*  The court found that the evidence should be excluded under Rule 403 in any event because "[i]n these circumstances, when the allegations of wrongdoing were grave but no sanctions resulted, the danger was great that the jury would infer more from the investigation than was fairly inferable." *Id.*  Similarly, in *Novaton*, a questioning party sought to inquire into an investigation of an officer's conduct.  After the investigation, the officer was reinstated and was reprimanded for conduct unrelated to truthfulness.  The court concluded that the evidence was remote and unrelated to truthfulness, so was both irrelevant under Rule 608 and due to be excluded under Rule 403.  *Novaton*, 271 F.3d at 1007.

Considering these cases together it is appears that factors entering into a court's discretion in allowing cross-examination under Rule 608 of prior accusations of wrongdoing include the degree to which the questioned conduct relates to untruthfulness, the nature of the disposition of any allegation of wrongdoing, and the remoteness in time of the prior acts. Accordingly, before this court can determine whether it will exercise its discretion to allow Thomas to cross-examine Nash as to conduct committed during his medical practice, Thomas must take this evidence up outside of the presence of the jury, establish a good faith basis for asking the question, and satisfy the court that the evidence is both probative of untruthfulness and not substantially outweighed by danger of unfair prejudice.  The court's inquiry will have to be made at trial, based on the state of the evidence.

2.  Character evidence under Rule 404(b)

In addition to arguing that she can cross-examine Nash about conduct during his medical

practice as evidence of untruthfulness, Thomas also argues that she can ask Nash about conduct during his medical practice as character evidence under Rule 404(b).  To be admissible as character evidence offered under Rule 404(b), evidence of Nash's fraud and surrendering of his medical license must be offered for a purpose other than establishing action in conformity with Nash's character.  *See Fed. R. Evid*. 404.  Thomas has argued that Nash contends he has limited income or assets due to the loss of his medical license and subsequent unemployment which is probative of his motive to commit the wrongs at issue here.  If Nash puts his motive at issue through his testimony, he might well open the door to such evidence.  Thomas must, however, take up this evidence outside of the presence of the jury before inquiring about this evidence on cross-examination of Nash.

For the reasons discussed, it is hereby ORDERED that the Motion in Limine (Doc. #77) to exclude evidence of Nash's fraud and surrender of his medical license, is GRANTED to the extent that the Plaintiff is not to reference such evidence at trial without first having taken up the admissibility of the evidence outside of the presence of the jury.


Done this 25th day of January, 2010.


/s/ W. Harold Albritton_____
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

4